UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JULIE A. SU,<br>Acting Secretary of Labor,<br>United States Department of Labor,<br><br>     Plaintiff,<br><br>v.<br><br>TRU BLUE THIRD PARTY<br>ADMINISTRATORS, LLC; UNITED<br>STATES MANAGING GENERAL<br>UNDERWRITERS, LLC; GREGORY<br>P. SANTULLI, an individual; JOHN<br>DONALD PRECOUR, an individual;<br>GEOFFREY VAUGHN GRABIAK,<br>an individual; and TRU BLUE<br>PARTICIPATING HEALTH PLANS 1-50,<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.<br><br>1:22-cv-03831-WMR |

## CONSENT JUDGMENT AND ORDER

Plaintiff, Secretary, United States Department of Labor, pursuant to the Secretary's authority under §§ 502(a)(2) and 502(a)(5), 29 U.S.C. §§ 1132(a)(2) and 1132(a)(5), of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq., ("ERISA") has filed a Complaint against Defendants Tru Blue Third Party Administrators, LLC ("Tru Blue"), United States Managing General Underwriters, LLC; Gregory P. Santulli; John

1

Donald Precour; and Geoffrey Vaughn Grabiak (collectively "Defendants") in the above-referenced docket. Defendants and the Secretary (collectively, the "Parties") have agreed to resolve all matters in controversy in this action, and said Parties do now consent to entry of a Judgment and Order by this Court in accordance herewith.

The Secretary's Complaint alleges that Defendants breached their fiduciary duties with respect to the self-funded healthcare plans administered by Tru Blue (the "Participating Plans") by failing to discharge their duties to the Plans and by violating provisions of §§ 403, 404 and 406 of ERISA, 29 U.S.C. §§ 1103, 1104 and 1106, as set forth in the Complaint.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED AND DECREED that:

A.   The Court hereby finds that it has jurisdiction over the Parties and the subject matter of this action and is empowered to provide the relief herein.

B.   Defendants hereby admit to the jurisdiction of this Court over them and over the subject matter of this action. Defendants admit that this Court has the authority to enforce this Order and that this Court is the most appropriate venue for any enforcement action which may be required as a result of this Order.

C.   Defendants expressly release and waive any and all claims of whatsoever nature, including but not limited to those arising under the Equal

Access to Justice Act or any statute, rule or regulation, that they have or may have against the Secretary, or any of his officers, agents, employees, or representatives, arising out of or in connection with the filing, prosecution, and maintenance of this civil action or any other proceeding and investigation incident thereto.

This Order represents a complete settlement of all the Secretary's claims asserted in this action against Defendants. This Order is not binding upon any government agency other than the U.S. Department of Labor and resolves only claims pleaded in this action as between the Secretary and Defendants.

D.   Except for the releases set forth herein, nothing in this Order shall be construed to:

1. limit the powers and authority of any officer or employee of the United States under ERISA or any other law;

2. relieve Defendants or any of its officers, directors, attorneys, employees, advisers, providers of goods or services, consultants, representatives, or agents of any duty or responsibility under ERISA or any other law; or

3. render the Secretary or any representative, attorney, or agent of the Secretary as a fiduciary or other responsible party under ERISA.

E.   The Parties expressly waive Findings of Fact and Conclusions of Law, except as otherwise set forth and addressed herein, and consent to the

3

entry of this Consent Judgment and Order as a full and complete resolution of all claims and issues which were alleged in this action without trial or adjudication of any issue of fact or law raised in the Complaint. The Parties agree that neither will appeal this Consent Judgment and Order if entered by the Court as executed by the parties.

F.  Defendants, their agents, servants, employees and all persons inactive concert or participation with them are hereby permanently enjoined and restrained from violating the provisions of Title I of ERISA.

G.  Defendants Tru Blue, Gregory P. Santulli, and Geoffrey Vaughn Grabiak are each hereby permanently enjoined from acting as a fiduciary to any employee benefit plan, as defined by ERISA, that offers benefits that are not provided by state authorized medical insurance issued by an authorized and/or state licensed issuer. However, Defendants Tru Blue, Gregory P. Santulli, and Geoffrey Vaughn Grabiak are not enjoined from acting as a fiduciary when acting as a Pharmacy Benefit Manager ("PBM") to an employee benefit plan, as defined by ERISA, that offers benefits that are not provided by state authorized medical insurance issued by an authorized and/or state licensed issuer, provided that the PBM's contracts with employee benefit plans entered into or renewed after the date of this Order require yearly renewals and the contracts expressly state that Defendants Tru Blue, Gregory P. Santulli, and Geoffrey Vaughn Grabiak disclose

4

when they are acting as fiduciaries for the employee benefit plans, as defined by ERISA.

H. To the extent Defendants John Donald Precour, USMGU, or their affiliates provide services to any employee benefit plan, as defined by ERISA, they are hereby ordered to satisfy all conditions of an exemption with respect to transactions otherwise prohibited by ERISA § 406, 29 U.S.C. § 1106, including:

    1. Prior to entering into any contract or arrangement for brokerage or consulting services, Defendants John Donald Precour, USMGU, or their affiliates shall make all disclosures required by ERISA § 408(b), 29 U.S.C. § 1108(b), including the disclosure to a responsible plan fiduciary of all direct or indirect compensation the defendant, an affiliate, or subcontractor reasonably expects to receive with respect to those services.

I. To the extent Defendants John Donald Precour, USMGU, or their affiliates act as a fiduciary to any employee benefit plan, as defined by ERISA, they are hereby ordered to exercise their authority in accordance with all applicable duties in Title I of ERISA, including:

    1. Defendants John Donald Precour, USMGU, or their

5

affiliates shall discharge their duties loyally and prudently as required by ERISA § 404, 29 U.S.C. § 1104.

2. Defendants John Donald Precour, USMGU, or their affiliates shall not cause any employee benefit plan to engage in a transaction prohibited by ERISA § 406, 29 U.S.C. § 1106, except as exempted from those prohibitions through the satisfaction of all conditions of an applicable statutory, class, or individual exemption.

3. Prior to entering into any contract or arrangement for brokerage or consulting services, Defendants John Donald Precour, USMGU, or their affiliates shall make all disclosures required by ERISA § 408(b), 29 U.S.C. § 1108(b), including the disclosure to a responsible plan fiduciary of all direct or indirect compensation the Defendant, an affiliate, or subcontractor reasonably expects to receive with respect to those services.

4. Prior to receiving any direct or indirect compensation in connection with any employee benefit plan's purchase of an insurance contract, Defendants John Donald Precour, USMGU, or their affiliates shall comply with all conditions

required by Prohibited Transaction Exemption 84-24, as amended, including providing terms at least as favorable to the plan as an arm's-length transaction would be, receiving no more than reasonable compensation, disclosing all required information to an independent fiduciary prior to execution of the transaction, and obtaining written approval of the transaction by an independent fiduciary who receives no compensation or other consideration as part of the transaction.

J.  Defendants are ordered to pay restitution in the total amount of $12,963.58 (the "Settlement Amount"). Within 30 days of the date this Consent Judgment and Order is signed by the Court, Defendants will send a check for the Settlement Amount to:

>  The Steadman Clinic Professional, LLC
>  PO Box 660706
>  Dallas, TX 75266-0706

The Settlement Amount check shall be made payable to "The Steadman Clinic Professional, LLC" and must reference **ID No. 133990.**

K.  Upon payment of the Settlement Amount as set forth above, Defendants shall be and hereby are assessed a total penalty under ERISA § 502(l), 29 U.S.C. § 1132(l), of $2,592.72 (the "502(l) Penalty"). For purposes of

calculating this penalty, the parties agree that the "applicable recovery amount" as defined in 29 U.S.C. § 1132(l)(2) is $12,963.58. Defendants hereby waive the notice of assessment and service requirement of 29 C.F.R. § 2570.83, and waive all legal rights to appeal, contest, or seek a reduction of the 502(l) Penalty.

Defendants shall pay the 502(l) Penalty to the United States Department of Labor within 15 calendar days of payment of the Settlement Amount. The 502(l) Penalty must be paid by sending a check to:

>U.S. Bank (for regular mail only)
>P.O. Box 6200-36
>Attn: ERISA Civil Penalty #6200-36
>Portland, OR 97228-62001
>
>U.S. Bank (for express mail and other delivery services)
>7650 NE Sandy Blvd.
>PD-OR-C1GL
>Portland, OR 97230

The check for the 502(l) Penalty shall be made payable to the **United States Department of Labor** and must reference **EBSA Case No. 40-025067**.

L.   This Court retains jurisdiction for purposes of enforcing compliance with the terms of this Consent Judgment and Order.

M.   Each party shall bear its own costs and expenses, including attorneys' fees, arising in connection with any stage of the above-referenced proceeding including but not limited to, attorney's fees which may be available under the Equal Access to Justice Act, as amended.

8

N.  In the event that, for any reason whatsoever, the Court declines to approve this Consent Judgment and Order, the parties may proceed with litigation of the action as if they had never executed this document.

O.  By agreeing to entry of this Order, the Parties represent that they have been informed by counsel of the effect and purpose of this Order and agree to be bound by its terms.  Each of the undersigned attorneys expressly acknowledges and represents that he or she is authorized and empowered to execute this Order on behalf of the party represented.

So ORDERED this_____day of_____, 2024.

_____
Hon. William M. Ray II
Judge, United States District Court

The Parties jointly move for entry of the above Consent Judgment and Order:

| | |
|---|---|
| **JULIE A. SU, ACTING SECRETARY OF LABOR, U.S. DEPARTMENT OF LABOR** | **DEFENDANTS TRU BLUE THIRD PARTY ADMINISTRATORS, LLC, GREGORY P. SANTULLI, AND GEOFFREY VAUGHN GRABIAK** |
| /s/ Daniel P. Miller<br>Daniel P. Miller<br>Georgia Bar No. 463643<br>Lydia J. Chastain<br>Georgia Bar No. 142535<br>61 Forsyth Street, S.W.<br>Room 7T10<br>Atlanta, GA 30303<br>Telephone: (404) 302-5435<br>miller.daniel.p@dol.gov<br>chastain.lydia.j@dol.gov<br>*Counsel for Plaintiff*<br>*U.S. Department of Labor* | /s/ Dominick L. Lanzito<br>Dominick L. Lanzito<br>Peterson, Johnson & Murray, LLC<br>200 West Adams Street, Suite 2125<br>Chicago, Illinois 60606<br>Telephone: (312) 724-8035<br>dlanzito@pjmlaw.com<br>*Counsel for Defendants*<br>*Tru Blue Third Party Administrators, Gregory P. Santulli, and Geoffrey Vaughn Grabiak* |
| **DEFENDANTS UNITED STATES MANAGING GENERAL UNDERWRITERS, LLC, AND JOHN DONALD PRECOUR** | |
| /s/Leslie M. Bassett<br>Leslie M. Bassett, Esq.<br>Georgia Bar No. 477037<br>Nancy B. Pridgen, Esq.<br>Georgia Bar No. 587949<br>Pridgen Bassett Law, LLC<br>138 Bulloch Avenue<br>Roswell, GA 30075<br>Telephone: (404) 844-5884<br>leslie@pridgenbassett.com<br>nancy@pridgenbassett.com<br>*Counsel for Defendants*<br>*John Donald Precour and United States Managing General Underwriters, LLC* | |

10

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JULIE A. SU,<br>Acting Secretary of Labor,<br>United States Department of Labor,<br><br>               Plaintiff,<br><br>v.<br><br>TRU BLUE THIRD PARTY ADMINISTRATORS, LLC; UNITED STATES MANAGING GENERAL UNDERWRITERS, LLC; GREGORY P. SANTULLI, an individual; JOHN DONALD PRECOUR, an individual; GEOFFREY VAUGHN GRABIAK, an individual; and TRU BLUE PARTICIPATING HEALTH PLANS 1-50,<br><br>               Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.<br><br>1:22-cv-03831-WMR |

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 13, 2024 I filed the foregoing Consent Judgment and Order with this Court's CM/ECF system, which automatically notified the following counsel for Defendants:

        Leslie M. Bassett
        PRIDGEN BASSETT LAW, LLC
        138 Bulloch Avenue
        Roswell, GA 30075
        Phone: 404-844-5884
        Fax: 678-812-3654
        Email: leslie@pridgenbassett.com

Nancy B. Pridgen
PRIDGEN BASSETT LAW, LLC
138 Bulloch Avenue
Roswell, GA 30075
Phone: 404-844-5884
Fax: 678-812-3654
Email: nancy@pridgenbassett.com

Dominick L. Lanzito
Peterson, Johnson & Murray, LLC
200 West Adams Street, Suite 2125
Chicago, Illinois 60606
Telephone: (312) 724-8035
Facsimile: (312) 896-9318
dlanzito@pjmlaw.com


By: *Daniel P. Miller*
　　DANIEL P. Miller
　　Attorney
　　Office of the Solicitor
　　U.S. Department of Labor
　　61 Forsyth Street, S.W., Suite 7T10
　　Atlanta, GA  30303
　　Telephone: 404-302-5435
　　Facsimile:  404-302-5438
　　Email:
　　Miller.daniel.p@dol.gov
　　chastain.lydia.j@dol.gov
　　ATL.FEDCOURT@dol.gov


SOL No. 20-00082